ORIGINAL

1  V James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  Michael Morrison, SBN 205320
   SCHONBRUN DESIMONE SEPLOW
3  HARRIS & HOFFMAN, LLP
   723 Ocean Front Walk
4  Venice, CA 90291
   Telephone: (310) 396-0731
5  Facsimile: (310) 399-7040

6  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
7  J.D. HENDERSON, SBN 235767
   301 North Lake Avenue, Suite 800
8  Pasadena, California 91101
   Telephone: (626) 795-0205

9

   Attorneys for Plaintiffs
10

11

12          **UNITED STATES DISTRICT COURT**
            **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  MICHAEL DOYLE,, JOHN C.        Case No: CV 1275 JAH WMc
    SHIEH, JANICE BANNIGAN, SID
15  LOYOLA, on behalf of themselves, the   **CLASS ACTION COMPLAINT**
    general public and all others similarly   **FOR DAMAGES AND**
    situated,                        **INJUNCTIVE RELIEF**
16
                                     1.   **FAILURE TO PAY**
17          Plaintiffs,                    **OVERTIME**
        vs.                                **COMPENSATION (CAL.**
18                                         **LABOR CODE § 1194 and**
    AT&T SERVICES, INC. (formerly          **THE F.L.S.A.)**
19  SBC Services, Inc.) and DOES 1
    through 10;                       2.   **FAILURE TO PROVIDE**
20                                         **MEAL AND REST**
            Defendants.                    **PERIODS (CAL. LABOR**
21                                         **CODE § 226.7)**

22                                    3.   **FAILURE TO PROVIDE**
                                           **ACCURATE ITEMIZED**
23                                         **STATEMENTS (CAL.**
                                           **LABOR CODE § 226))**
24
                                      4.   **WAITING TIME**
25                                         **PENALTIES (CAL.**
                                           **LABOR. CODE § 203**
26
                                      5.   **CONVERSION (CAL.**
27                                         **CIVIL CODE §§ 3336, 3294)**

28

                              1.

        **CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

FILED

08 JUL 15 PM 4:33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  ECL          DEPUTY

FAXED



6.     **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiffs MICHAEL DOYLE, JOHN C. SHIEH, JANICE BANNIGAN, and SID LOYOLA ("PLAINTIFFS"), as individuals, and on behalf of themselves, all others similarly situated, and the general public, complain and allege on information and belief the following against AT&T SERVICES, INC. (formerly SBC Services, Inc.); and Does 1 through 10 (collectively "DEFENDANTS").

## INTRODUCTION

1.     This case arises out of DEFENDANTS' failure to pay overtime compensation and failure to provide rest and meal periods to certain California Information-Technology (IT) employees of Defendant AT&T Services, Inc., (formerly SBC Services, Inc.), and Does 1 through 10 (collectively referred to as "DEFENDANTS"). The job titles for the proposed class members include, without limitation, Communications Specialist, Resource Technician, Senior Data Center Manager, and Data Center Manager. These IT employees primarily performed non-exempt functions for the DEFENDANTS and were not paid overtime compensation during the Class Period, which is defined as April 10, 2003 through the date of trial.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because (a) one or more Defendants are not a citizen of this state, but do conduct business in

2.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  good standing within the State of California on a regular basis; (b) Plaintiffs are
2  both citizens of California; (c) the proposed class members number at least 100;
3  and (d) the amount in controversy exceeds $5,000,000.00, exclusive of interest
4  and costs.

5      2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) in that
6  the unlawful actions challenged herein occurred in the Northern District.

7

8                                **PARTIES**

9      3. PLAINTIFFS MICHAEL DOYLE, JOHN C. SHIEH, JANICE
10  BANNIGAN, and  SID LOYOLA ("PLAINTIFFS") at all relevant times were
11  non- exempt employees of DEFENDANTS. PLAINTIFFS' job duties consisted
12  primarily of providing computer support, repair, and technical  services to
13  DEFENDANTS.  PLAINTIFFS performed all obligations as required during
14  employment.

15      4. PLAINTIFF MICHAEL DOYLE is, and at all relevant times was, a
16  resident of the County of San Diego, State of California. PLAINTIFF MICHAEL
17  DOYLE  was employed by DEFENDANT AT&T Services, in San Diego,
18  California  as a Communications Specialist from October 16, 2003 through June
19  16, 2008.  On June 16, 2008, his title was changed to Senior Communications
20  Specialist, although his job duties remained the same.

21      5. PLAINTIFF JOHN C. SHIEH is, and at all relevant times was, a resident
22  of the County of San Diego, State of California. PLAINTIFF JOHN C. SHIEH
23  was employed by DEFENDANT AT&T SERVICES, INC. (formerly SBC
24  Services, Inc.), in San Diego, California, as a Resource Technician from 2001
25  through 2005.

26      6. PLAINTIFF JOYCE BANNIGAN, is and at all relevant times was, a
27  resident of the County of San Diego, State of California. PLAINTIFF JOYCE
28  BANNIGAN was employed by DEFENDANTS in San Diego, California, as a

                                    3.
           **CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1 │ Resource Technician from February 2004 through August 2005.

2 │     7. PLAINTIFF SID LOYOLA is, and at all relevant times was, a resident of

3 │ the County of San Diego, State of California. PLAINTIFF SID LOYOLA was

4 │ employed by DEFENDANTS in San Diego, California as a Data Center Manager

5 │ and a Senior Data Center Manager.

6 │     8. DEFENDANTS AT&T SERVICES, INC. (formerly SBC Services,

7 │ Inc.); and Does 1 through 10, are all corporations or other business entities which

8 │ are doing business in California or formally did business in California. AT&T

9 │ SERVICES, INC., is the primary defendant in this action and, has its principal

10 │ place of business in the state of Texas, and is incorporated in the state of

11 │ Delaware.

12 │     9. At all times mentioned herein, DEFENDANTS, and each of them,

13 │ were the agents, representatives, employees, successors, assigns, parents,

14 │ subsidiaries and/or affiliates, each of the other, and at all times pertinent hereto

15 │ were acting within the course and scope of their authority as such agents,

16 │ representatives, employees, successors, assigns, parents, subsidiaries and/or

17 │ affiliates.

18 │

19 │ **CLASS ACTION ALLEGATIONS**

20 │     10. PLAINTIFFS bring this action on behalf of themselves and all others

21 │ similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and

22 │ 23(b)(3), on behalf of the following class (herein referred to as the "PLAINTIFF

23 │ CLASS") The class that PLAINTIFFS seek to represent (herein referred to as

24 │ "PLAINTIFF CLASS") is composed of and defined as follows:

25 │     The class includes, without limitation, all non-exempt employees of

26 │ DEFENDANTS who at any time since April 10, 2003 performed similar job duties

27 │ as the Plaintiffs (including without limitation persons with the following job titles:

28 │ Senior Communications Specialist, Communications Specialist, Resource

4.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    Technician, Senior Data Center Manager, and Data Center Manager, who did not

2    receive overtime pay to which they were entitled pursuant to the California Labor

3    Code, the California Industrial Welfare Commission's ("IWC") Wage Orders and

4    all other applicable Employment Laws and Regulations, *except for*

5        a) those employees who worked for AT&T Services, Inc.; AT&T Corp.;

6    AT&T Global Network; SBC Internet Services, Inc.; Pacific Bell Directory;

7    Pacific Bell Information Services; Pacific Bell Telephone Company; Pacific

8    Telesis Shared Services; SBC Long Distance, Inc.; SBC Advanced Solutions, Inc.;

9    AT&T Management Services LP; Southwestern Bell Yellow Pages, Inc.; AT&T

10   Labs, Inc.; AT&T Operations, Inc.; SBC Datacomm, Inc.; and/or Callisma, Inc.,

11   in the State of California with the following job titles: Senior Systems Managers,

12   Systems Managers, Senior Network Managers, Senior Implementation Managers,

13   Implementation Managers and Network Technical Managers (except for those

14   Network Technical Managers who held this position only at SBC Advanced

15   Solutions, Inc.) and

16       b) those employees who worked for Yellowpages.com LLC in the State of

17   California with the following job titles: Senior Administrator/Engineers

18   (SADME), Senior Network Engineer or Senior Network Manager (SNE), and

19   Senior Database Administrators; and

20       c) those employees who worked for AT&T Services, Inc.; Americtech

21   Services, Inc.; AT&T Labs, Inc.; AT&T Operations, Inc.; Pacific Bell Directory;

22   Pacific Bell Information Services; Pacific Bell Telephone Company; PBD

23   Holdings dba Digital Graphics Advantage, SBC Advanced Solutions, Inc.; SBC

24   Internet Services, Inc. and SBC Long Distance, Inc.; in the State of California with

25   the following job titles: Senior Communication Specialist, Senior Systems Analyst

26   and System Analyst.

27       11.    The members of the class are so numerous that joinder of all members

28   would be unfeasible and not practicable. The membership of the entire class is

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  unknown to PLAINTIFFS at this time; however, it is estimated that the entire class

2  is greater than 100 individuals, but the identity of such membership is readily

3  ascertainable via inspection of the personnel records and other documents

4  maintained by DEFENDANTS.

5       12.   There are common questions of law and fact as to the class which

6  predominate over questions affecting only individual members including, without,

7  limitation:

8       A.   Whether DEFENDANTS denied the PLAINTIFF CLASS

9  overtime pay to which they were entitled pursuant to the California Labor Code,

10  the California Industrial Welfare Commission's ("IWC") Wage Orders, and all

11  other applicable Employment Laws and Regulations.

12       B.   Whether DEFENDANTS denied the PLAINTIFF CLASS meal

13  and rest breaks to which they were entitled by law and failed to compensate the

14  PLAINTIFF CLASS for missed meal and rest breaks;

15       C.   Whether DEFENDANTS failed to provide PLAINTIFF and

16  members of the PLAINTIFF CLASS with accurate itemized statements;

17       D.   Whether DEFENDANTS engaged in unfair business practices;

18       E.   Whether DEFENDANTS acted with, malice, oppression and

19  fraud thereby justifying the award of punitive and exemplary damages.

20       F.   The effect upon and the extent of damages suffered by the

21  PLAINTIFF CLASS and the appropriate amount of compensation.

22       13.   The claims of PLAINTIFFS pled as class action claims are typical of

23  the claims of all members of the class as they arise out of the same course of

24  conduct and are predicated on the same violation(s) of the law.  PLAINTIFFS, as

25  representative parties, will fairly and adequately protect the interests of the class

26  by vigorously pursuing this suit through their attorneys who are skilled and

27  experienced in handling matters of this type.

28       14.   The nature of this action and the nature of the laws available to the

6.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   PLAINTIFF CLASS make use of the class action format a particularly efficient
2   and appropriate procedure to afford relief to the PLAINTIFF CLASS. Further,
3   this case involves a corporate employer and a large number of individual
4   employees possessing claims with common issues of law and fact. If each
5   employee were required to file an individual lawsuit, the corporate defendants
6   would necessarily gain an unconscionable advantage since it would be able to
7   exploit and overwhelm the limited resources of each individual plaintiff with its
8   vastly superior financial and legal resources. Requiring each class member to
9   pursue an individual remedy would also discourage the assertion of lawful claims
10   by employees who would be disinclined to pursue an action against their present
11   and/or former employer for an appreciable and justifiable fear of retaliation and
12   permanent damage to their careers at present and/or subsequent employment.
13   Proof of a common business practice or factual pattern, of which the named
14   plaintiff experienced, is representative of the class mentioned herein and will
15   establish the right of each of the members of the class to recovery on the claims
16   alleged herein.

17       15.   The prosecution of separate actions by the individual class members,
18   even if possible, would create: (a) a substantial risk of inconvenient or varying
19   verdicts or adjudications with respect to the individual class members against the
20   defendants herein; and/or (b) legal determinations with respect to individual class
21   members which would, as a practical matter, be dispositive of the other class
22   members not parties to the adjudications or which would substantially impair or
23   impede the ability of class members to protect their interests. Further, the claims
24   of the individual members of the class are not sufficiently large to warrant
25   vigorous individual prosecution considering all of the concomitant costs and
26   expenses attending thereto. PLAINTIFFS are also unaware of any difficulties that
27   are likely to be encountered in the management of this action that would preclude
28   its maintenance as a class action.

7.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

## FACTS COMMON TO ALL CAUSES OF ACTION

16.    PLAINTIFFS were non-exempt employees of DEFENDANTS. DEFENDANTS routinely required PLAINTIFFS to work more than eight (8) hours per day, twelve (12) hours per day and/or forty (40) hours per week. However, PLAINTIFFS did not receive overtime compensation for the hours they worked in excess of eight (8) hours per day, twelve (12) hours per day and/or forty (40) hours per week.

17.    In addition, PLAINTIFFS were not provided with an uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours and were not compensated for missed meal periods.  DEFENDANTS also failed to provide PLAINTIFFS with rest breaks for shifts in excess of four (4) hours throughout their employment with DEFENDANTS.

18.    PLAINTIFFS are informed and believe and thereon allege that the PLAINTIFF CLASS was subjected to the same unlawful practices as PLAINTIFFS.  Like PLAINTIFFS, DEFENDANTS routinely required members of the PLAINTIFF CLASS to work more than eight (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per week. However, members of the PLAINTIFF CLASS did not receive the overtime wages that they earned. PLAINTIFFS are informed and believe and thereon allege that the failure of DEFENDANTS to pay PLAINTIFFS and the PLAINTIFF CLASS for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations. In addition, DEFENDANTS failed to provide PLAINTIFF and members of the PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor Code § 226.

19.    PLAINTIFFS are further informed and believe and thereon allege that members of the PLAINTIFF CLASS were also not provided with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours and were not compensated for missed meal periods.  PLAINTIFFS are informed and believe

8.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    and thereon allege that the failure of DEFENDANTS to provide PLAINTIFFS and

2    the PLAINTIFF CLASS with uninterrupted, work-free 30-minute meal periods for

3    shifts in excess of five (5) hours was willful, purposeful, and unlawful and done in

4    accordance with the policies and practices of DEFENDANTS' operations.

5         20.    In addition, PLAINTIFFS are informed and believe and thereon

6    allege that members of the PLAINTIFF CLASS were also not provided with rest

7    breaks for shifts in excess of four (4) hours.  PLAINTIFFS are informed and

8    believe and thereon allege that the failure of DEFENDANTS to provide

9    PLAINTIFFS and the PLAINTIFF CLASS with rest breaks for shifts in excess of

10   four (4) hours was willful, purposeful, and unlawful and done in accordance with

11   the policies and practices of DEFENDANTS' operations.

12

13                          **FIRST CAUSE OF ACTION**

14              FAILURE TO PAY OVERTIME COMPENSATION

15       (CALIFORNIA LABOR CODE SECTION 1194 and SECTION 203 OF THE

16                       FAIR LABOR STANDARDS ACT

17       By PLAINTIFFS in their individual capacities and in their capacities as

18      representatives of all similarly situated members of the PLAINTIFF CLASS

19                          against all DEFENDANTS.

20        21.    PLAINTIFFS reallege and incorporate, by reference, as though fully

21   set forth herein, the allegations contained in paragraphs 1 to 20.

22        22.    DEFENDANTS routinely required PLAINTIFFS and members of the

23   PLAINTIFF CLASS to work more than eight (8) hours per day, twelve (12) hours

24   per day, and/or forty (40) hours per week.

25        23.    DEFENDANTS failed to fully compensate PLAINTIFFS and

26   members of the PLAINTIFF CLASS for all overtime wages they earned.

27        24.    PLAINTIFFS are informed and believe, and thereon allege that the

28   failure of DEFENDANTS to fully compensate PLAINTIFFS and the PLAINTIFF

9.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  CLASS for overtime work was willful, purposeful, and unlawful and done in

2  accordance with the policies and practices of DEFENDANTS' operations.

3       25.    As a proximate cause of the aforementioned violations, PLAINTIFFS

4  and the PLAINTIFF CLASS has been damaged in an amount according to proof at

5  time of trial, but in an amount in excess of the jurisdiction of this Court.

6  PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid

7  balance of wages owed, penalties, including penalties available pursuant to

8  California Labor Code Section 558, plus interest, reasonable attorney fees and

9  costs of suit according to the mandate of *California Labor Code, §1194, et. seq*,

10  and punitive damages for DEFENDANTS' oppressive, malicious, intentional, and

11  fraudulent actions.

12

13                    **SECOND CAUSE OF ACTION**

14            FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

15              (CALIFORNIA LABOR CODE SECTION 226.7 AND 512)

16          By PLAINTIFFS in their individual capacities and in their capacities as

17       representatives of all similarly situated members of the PLAINTIFF CLASS

18                          against all DEFENDANTS.

19       26.    PLAINTIFFS reallege and incorporate, by reference, as though fully

20  set forth herein, the allegations contained in paragraphs 1 to 25.

21       27.    DEFENDANTS failed to provide PLAINTIFFS and members of the

22  PLAINTIFF CLASS with uninterrupted, work-free 30-minute meal periods for

23  shifts in excess of five (5) hours worked and to compensate them for these missed

24  meal periods as required by law.

25       28.    DEFENDANTS, throughout PLAINTIFFS' employment with

26  DEFENDANTS, failed to give PLAINTIFFS any breaks for shifts in excess of

27  four (4) hours as required by law and failed to compensate them for missed rest

28  breaks. DEFENDANTS also failed to give members of the PLAINTIFF CLASS

                                    10.

1    breaks for shifts in excess of four (4) hours as required by law and failed to

2    compensate them for missed rest breaks.

3        29.    PLAINTIFFS are informed and believe, and thereon allege that the

4    failure of DEFENDANTS to provide meal and rest breaks and to compensate

5    PLAINTIFFS and the PLAINTIFF CLASS for these missed meal and rest breaks

6    was willful, purposeful, and unlawful and done in accordance with the policies

7    and practices of DEFENDANTS' operations.

8        30.    As a proximate cause of the aforementioned violations, PLAINTIFFS

9    and members of the PLAINTIFF CLASS have been damaged in an amount

10    according to proof at time of trial, but in an amount in excess of the jurisdiction of

11    this Court. PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the

12    unpaid balance of wages owed, penalties, including penalties available pursuant to

13    California Labor Code Sections 226, 226.7, 558, plus interest, reasonable attorney

14    fees and costs of suit according to the mandate of *California Labor Code, § 1194,*

15    *et. seq.* and punitive damages for DEFENDANTS' oppressive, malicious,

16    intentional, and fraudulent actions.

17

18                 **THIRD CAUSE OF ACTION**

19       FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

20                (CAL. LABOR CODE § 226)

21      By PLAINTIFFS in their individual capacities and in their capacities as a

22    representative of all similarly situated members of the PLAINTIFF CLASS against

23    all DEFENDANTS.

24        29.    PLAINTIFFS reallege and incorporate, by reference, as though fully

25    set forth herein, the allegations contained in paragraphs 1 to 28.

26        30.    DEFENDANTS failed to provide PLAINTIFFS and members of the

27    PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor

28    Code § 226. In particular, DEFENDANTS knowingly and intentionally did not

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    state on PLAINTIFFS's and the PLAINTIFF CLASS' payroll records that they

2    had earned overtime for any hour they worked over eight (8) in a day.

3        31.    PLAINTIFFS are informed and believe and thereon allege that

4    DEFENDANTS knowingly and intentionally falsified the aforementioned payroll

5    records in order to conceal its unlawful payment practices   As a result,

6    PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover the

7    greater of all actual damages or fifty dollars ($50) for the initial pay period in

8    which a violation occurs and one hundred dollars ($100) per employee for each

9    violation in a subsequent pay period, not exceeding an aggregate penalty of four

10   thousand dollars ($4,000), and are entitled to an award of costs and reasonable

11   attorney fees.

12

13                    **FOURTH CAUSE OF ACTION**

14   (WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE

15                            § 203)

16       By PLAINTIFFS in their individual capacities and in their capacities as

17      representatives of all similarly situated members of the PLAINTIFF CLASS

18                        against all DEFENDANTS.

19       32.    PLAINTIFFS reallege and incorporate, by reference, as though fully

20   set forth herein, the allegations contained in paragraphs 1 to 31.

21       33.    Pursuant to California Labor Code § 201, if an employer discharges

22   an employee, the wages earned and unpaid at the time of the discharge are due and

23   payable immediately.  Pursuant to California Labor Code § 202, if an employee

24   quits her employment, the wages earned and unpaid at the time of the discharge

25   are due and payable within 72 hours.

26       34.    PLAINTIFFS are informed and believe that members of the

27   PLAINTIFF CLASS have resigned or were terminated from their employment

28   with DEFENDANTS and have not received the overtime compensation and other

                                  12.

                **CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   wages they rightfully earned.

2      35.   DEFENDANTS, and each of them, willfully refused and continue to

3   refuse to pay members of the PLAINTIFF CLASS all wages earned, including

4   overtime and compensation for missed meal and rest breaks, in a timely manner, as

5   required by California Labor Code § 203. PLAINTIFFS therefore request

6   restitution and penalties as provided by California Labor Code § 203.

7

8               **FIFTH CAUSE OF ACTION**

9                 CONVERSION

10      (CALIFORNIA CIVIL CODE SECTIONS 3336 AND 3294)

11      By PLAINTIFFS in their individual capacities and in their capacities as

12   representatives of all similarly situated members of the PLAINTIFF CLASS

13              against all DEFENDANTS.

14      36.   PLAINTIFFS reallege and incorporate, by reference, as though fully

15   set forth herein, the allegations contained in paragraphs 1 to 35.

16      37.   As alleged above, DEFENDANTS wrongfully withheld earned wages

17   from PLAINTIFFS and members of the PLAINTIFF CLASS. In particular,

18   DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF

19   CLASS all overtime wages they earned and failed to compensate them for missed

20   meal and rest breaks and other compensation owed to pursuant to the applicable

21   Employment Laws and Regulations.

22      38.   At all relevant times, DEFENDANTS had and continue to have a

23   legal obligation imposed by statute to pay PLAINTIFFS and members of the

24   PLAINTIFF CLASS all earned wages and other compensation due to them. Such

25   wages and compensation belonged to PLAINTIFFS and members of the

26   PLAINTIFF CLASS at the time the labor and services were provided to

27   DEFENDANTS, and accordingly, such wages and compensation are the property

28   of PLAINTIFFS and members of the PLAINTIFF CLASS, not DEFENDANTS.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

39.   DEFENDANTS knowingly and intentionally failed to pay PLAINTIFFS and members of the PLAINTIFF CLASS all overtime compensation for overtime hours worked, knowingly and intentionally failed to compensate PLAINTIFFS and members of the PLAINTIFF CLASS for missed meal and rest breaks, and knowingly and intentionally failed to provide other compensation due to PLAINTIFFS and members of the PLAINTIFF CLASS. Instead, DEFENDANTS converted PLAINTIFFS' and members of the PLAINTIFF CLASS' rightfully earned wages and converted them to DEFENDANTS' own use and benefit.

40.   PLAINTIFFS and members of the PLAINTIFF CLASS have been injured by DEFENDANTS' intentional conversion of such wages and compensation. PLAINTIFFS and the PLAINTIFF CLASS are entitled to immediate possession of all amounts converted by DEFENDANTS, with interest, as well as any and all profits that DEFENDANTS acquired by their unlawful conversion.

41.   DEFENDANTS' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by DEFENDANTS, and each of them, from named PLAINTIFFS and PLAINTIFF CLASS as hereinbefore alleged. PLAINTIFFS and members of the PLAINTIFF CLASS have been injured by DEFENDANTS' oppressive, malicious, intentional and fraudulent actions, entitling PLAINTIFFS and the PLAINTIFF CLASS to punitive and exemplary damages.

## SIXTH CAUSE OF ACTION

UNFAIR COMPETITION AND BUSINESS PRACTICES

(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)

By PLAINTIFFS in their individual capacity and in their capacity as a

14.

1   representative of all similarly situated members of the PLAINTIFF CLASS against

2                      all DEFENDANTS.

3       42.   PLAINTIFFS reallege and incorporate, by reference, as though fully

4   set forth herein, the allegations contained in paragraphs 1 to 41.

5       43.   DEFENDANTS' violations of the Employment Laws and

6   Regulations, as alleged herein, include: (1) DEFENDANTS' failure and refusal to

7   pay all overtime wages earned by PLAINTIFFS and the PLAINTIFF CLASS

8   pursuant to DEFENDANTS' illegal pay practices described above; (2)

9   DEFENDANTS' failure to provide meal and rest breaks to PLAINTIFFS and

10  members of the PLAINTIFF CLASS and to compensate them for missed meal and

11  rest breaks; (3) DEFENDANTS' willful and deliberate failure to provide accurate

12  itemized statements; (4) DEFENDANTS' failure to pay wages due to

13  PLAINTIFFS in a timely manner upon their termination or resignation; (5)  and

14  DEFENDANTS' wrongful withholding and conversion of wages and

15  compensation due to PLAINTIFFS and the PLAINTIFF CLASS.  The

16  aforementioned violations constitute unfair business practices in violation of the

17  Unfair Competition Law, California Business & Professions Code Section 17200,

18  et seq.

19      44.   As a result of DEFENDANTS' unfair business practices,

20  DEFENDANTS have reaped unfair benefits and illegal profits at the expense of

21  PLAINTIFFS, the PLAINTIFF CLASS and members of the public.

22  DEFENDANTS should be made to disgorge their ill-gotten gains and restore such

23  monies to PLAINTIFFS and the PLAINTIFF CLASS.

24      45.   DEFENDANTS' unfair business practices entitle PLAINTIFFS and

25  the PLAINTIFF CLASS to seek preliminary and permanent injunctive relief,

26  including but not limited to, orders that the DEFENDANTS account for, disgorge

27  and restore to PLAINTIFFS and the PLAINTIFF CLASS the compensation

28  unlawfully withheld from them, from April 10, 2003, together with interest

                      15.

            **CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  thereon, as well as costs, and reasonable attorney fees pursuant to statute including

2  Code of Civil Procedure section 1021.5.

3

4  **PRAYER FOR RELIEF**

5  **WHEREFORE,** PLAINTIFFS pray judgment as follows:

6  1.    That the Court determine that Causes of Action 1, 2, 3, 4 , 5 and 6

7         may be maintained as a class action;

8  2.    For injunctive relief to stop DEFENDANTS' illegal practices relating

9         to the payment of overtime wages as described above;

10  3.    For general and compensatory damages, according to proof;

11  4.    For restitution of all monies due to PLAINTIFFS and the PLAINTIFF

12        CLASS and disgorgement of profits from the unlawful business

13        practices of DEFENDANTS;

14  5.    For waiting time penalties pursuant to California Labor Code § 203;

15  6.    For penalties pursuant to California Labor Code §§ 226, 558, and all

16        other applicable Labor Code Sections, Industrial Wage Orders and/or

17        Employment Laws and Regulations;

18  7.    For interest accrued to date;

19  8.    For costs of the suit incurred herein;

20  9.    For loss of earnings, according to proof;

21  10.   For punitive damages and exemplary damages, according to proof;

22  11.   For attorney fees and costs pursuant to California Labor Code § §226,

23        and 1194; Cal. Code Civ. Pro. § 1021.5 and;

24

25

26  //

27  //

28  //

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

12. For such other and further relief that the Court may deem just and proper.

DATED: July 15, 2008

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

LAW OFFICES OF THOMAS FALVEY

By: _Michael Morrison_
V. James DeSimone
Michael D. Seplow
Michael Morrison

Attorneys for Plaintiffs MICHAEL
DOYLE, JOHN C. SHIEH, JANICE
BANNIGAN, and SID LOYOLA

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2        PLAINTIFFS and members of the PLAINTIFF CLASS further request a

3 trial by jury on all issues so triable.

4

5 DATED: July 15, 2008                    SCHONBRUN DESIMONE SEPLOW
                                          HARRIS & HOFFMAN LLP
6
                                          LAW OFFICES OF THOMAS FALVEY
7

8                                         By _____
                                             V. James DeSimone
9                                            Michael D. Seplow
                                             Michael Morrison
10

11                                        Attorneys for Plaintiffs MICHAEL
                                          DOYLE,, JOHN C. SHIEH, JANICE
12                                        BANNIGAN, and SID LOYOLA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153027    — TC**

**July 15, 2008
16:39:23**

**Civ Fil Non-Pris**
USAO #.: 08CV1275
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC70206

**Total—> $350.00**

FROM: MICHAEL DOYLE
         VS
         AT& T

FAXED

JS-44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael Doyle, John C. Shieh, Janice Bannigan, Sid Loyola

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schonbrun DeSimone Seplow Harris & Hoffman LLP
723 Ocean Front Walk, Venice, CA 90291 Tel: (310) 396-0731

## DEFENDANTS

08 JUL 15 PM 4:32

AT&T Services, Inc. (formerly SBC Services, Inc.)

CLERK, U.S. DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

DEPUTY

Attorneys (If Known)

08 CV 1275 JAH WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sect 1332 (CAFA)

Brief description of cause:
Class Action for unpaid wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
Not less than $5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 7/15/08

SIGNATURE OF ATTORNEY OF RECORD   _Michael Mm_

FOR OFFICE USE ONLY

RECEIPT # 153897   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

JAC 7/15/08

CR

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.