J. AL LATHAM, JR. (SB# 71605)
DEBORAH S. WEISER (SB# 167132)
SHANE LOOMIS (SB# 247574)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Email: allatham@paulhastings.com
       deborahweiser@paulhastings.com
       shaneloomis@paulhastings.com

Attorneys for Defendants
AT&T SERVICES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOYLE, JOHN C. SHIEH, JANICE BANNIGAN, SID LOYOLA, on behalf of themselves, the general public and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T SERVICES, INC. (formerly SB C Services, Inc.) and DOES 1 through 10,<br><br>Defendants. | CASE NO. 08CV1275 JAH (WMc)<br><br>**DEFENDANT AT&T SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Judge:    John A. Houston<br><br>Class Action Complaint Filed: July 15, 2008 |

Defendant AT&T Services, Inc. ("Defendant") hereby answers, pleads, and otherwise responds, for itself alone and for no other Defendant, to Plaintiffs Michael Doyle, John C. Shieh, Janice Bannigan, and Sid Loyola's ("Plaintiffs") Class Action Complaint ("Complaint") as follows:

1           1.    Answering Paragraph 1, under the header <u>Introduction,</u>

2     Defendant admits that Plaintiffs purport to bring this action on behalf of a class they

3     define as including certain California Information Technology (IT) employees of

4     Defendant with job titles that include Communications Specialist, Resource

5     Technician, Senior Data Center Manager, and Data Center Manager, who primarily

6     performed non-exempt functions and were not paid overtime compensation.

7     Defendant denies that this action is suitable for certification as a class.  Defendant

8     further admits that Plaintiffs allege that they, and the class they purport to represent,

9     were denied overtime pay and meal and rest breaks provided by California's laws

10    and regulations.  Except as herein expressly admitted, Defendant denies, generally

11    and specifically, each and every remaining allegation in this paragraph.

12

13          2.    Answering Paragraph 1, under the header <u>Jurisdiction and</u>

14    <u>Venue</u>, Defendant admits and alleges that at times material herein, it has conducted

15    business in good standing within the State of California.  Defendant lacks

16    knowledge or information as to the truth of the allegation that Plaintiffs "are both

17    citizens of California," and on that basis, denies this allegation.  Defendant denies

18    that the class Plaintiffs purport to represent numbers at least 100.  Defendant further

19    denies that it bears liability to the purported class in excess of the statutory

20    minimum.  Defendant further denies that Plaintiffs, or any members of the class

21    they purport to represent, have been damaged at all.  Except as admitted and denied,

22    the remaining allegations set forth in this Paragraph contain legal conclusions to

23    which no response is required.

24

25          3.    Answering Paragraph 2, Defendant admits it has conducted

26    business in this judicial district.  Defendant denies that any unlawful actions as

27    alleged in Plaintiffs' Complaint took place in any judicial district.  Except as

28

-1-

ANSWER TO COMPLAINT

1  admitted or denied herein, the allegations set forth in this Paragraph contain legal
2  conclusions to which no response is required.

3

4        4.    Answering Paragraph 3, Defendant admits and alleges that at all
5  times relevant to the Complaint, Plaintiff Michael Doyle was classified as a non-
6  exempt employee.  Defendant further admits and alleges that until July 16, 2005,
7  both Plaintiffs Bannigan and Shieh were classified as non-exempt employees.
8  Defendant lacks sufficient information or belief as to what Plaintiffs mean by their
9  allegation that their job duties consisted primarily of "providing computer support,
10  repair, and technical services to Defendants," and on such basis, denies this
11  allegation.  Defendant lacks sufficient information or belief as to whether Plaintiffs
12  performed all obligations as required during employment, as alleged in the
13  Complaint, and, on such basis, Defendant denies this allegation.  Except as herein
14  expressly admitted, Defendant denies, generally and specifically, each and every
15  remaining allegation in this paragraph.

16

17        5.    Answering Paragraph 4, Defendant admits, based on
18  information and belief, that Plaintiff Doyle is a resident of the County of San
19  Diego, State of California.   Defendant admits and alleges that from the start of the
20  relevant time period, July 15, 2004 through June 15, 2008, Doyle held the non-
21  exempt position of Communications Specialist.  Defendant admits and alleges that
22  from June 16, 2008 to present, Doyle has held the non-exempt Senior
23  Communications Specialist position.  Except as herein expressly admitted,
24  Defendant denies, generally and specifically, each and every remaining allegation
25  in this paragraph.

26

27        6.    Answering Paragraph 5, Defendant admits, based on
28  information and belief, that Plaintiff Shieh is a resident of the County of San Diego,

-2-

ANSWER TO COMPLAINT

1    State of California.   Defendant admits and alleges that Shieh held the non-exempt

2    position of Resource Technician from July 16, 2004 through July 15, 2005.  From

3    July 16, 2005 through the end of his employment on December 1, 2007, Shieh held

4    the exempt position of Implementation Manager.  Defendant admits and alleges that

5    Plaintiffs' Complaint excludes the Implementation Manager position from this

6    litigation.   Except as herein expressly admitted, Defendant denies, generally and

7    specifically, each and every remaining allegation in this paragraph.

8

9            7.    Answering Paragraph 6, Defendant admits, based on

10   information and belief, that Plaintiff Bannigan is a resident of the County of San

11   Diego, State of California.   Defendant admits and alleges that Bannigan held the

12   non-exempt position of Resource Technician from July 16, 2004 through July 15,

13   2005.  From July 16, 2005 to December 15, 2006, Bannigan held the exempt

14   position of Implementation Manager.  From December 16, 2006 to present,

15   Bannigan has held the exempt position of Senior Implementation Manager.

16   Defendant admits and alleges that Plaintiffs' Complaint excludes both the

17   Implementation Manager and Senior Implementation Manager positions from this

18   litigation.   Except as herein expressly admitted, Defendant denies, generally and

19   specifically, each and every remaining allegation in this paragraph.

20

21           8.    Answering Paragraph 7, Defendant admits, based on

22   information and belief, that Plaintiff Loyola is a resident of the County of San

23   Diego, State of California.   Defendant admits and alleges that Loyola held the

24   exempt Senior Data Center Manager position from July 16, 2004 through May 15,

25   2005.  From May 16, 2005 through the end of his employment on December 1,

26   2007, Loyola held the exempt position of Senior Implementation Manager.

27   Defendant admits and alleges that Plaintiffs' Complaint excludes the Senior

28   Implementation Manager position from this litigation.   Except as herein expressly

-3-

1  admitted, Defendant denies, generally and specifically, each and every remaining

2  allegation in this paragraph.

3

4            9.    Answering Paragraph 8, Defendant admits that it is a

5  corporation doing business in California that was incorporated in the State of

6  Delaware and has its principal place of business in the State of Texas.  Except as

7  admitted, Defendant lacks sufficient knowledge or information to form a belief as

8  to the truth of the remaining allegations in this Paragraph and on that basis denies

9  each and every remaining allegation contained therein.

10

11           10.   Answering Paragraph 9, the allegations set forth in Paragraph 9

12  contain legal conclusions to which no response is required.

13

14           11.   Answering Paragraph 10, Defendant admits that Plaintiffs

15  purport to bring this action on behalf of a class of alleged similarly situated persons

16  pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendant denies that

17  this action is suitable for certification as a class.  Defendant further admits that

18  Plaintiffs purport to seek to represent a class they define as all non-exempt

19  employees of Defendant who performed job duties similar to those of Plaintiffs

20  who allegedly did not receive overtime pay to which they were entitled under

21  California law while expressly excluding the following jobs:  Senior Systems

22  Managers, Systems Managers, Senior Network Managers, Implementation

23  Manager, Senior Implementation Manager, Network Technical Manager, System

24  Analyst, Senior System Analyst and Senior Communications Specialist.  Except as

25  herein expressly admitted, Defendant denies, generally and specifically, each and

26  every remaining allegation in this paragraph.  Defendant denies that any class exists

27  or should be certified in this case.

28

-4-

12.     Answering Paragraph 11, Defendant admits and alleges that during the relevant time, from July 15, 2004 to present, it employed approximately 61 persons, including Loyola, as Senior Data Center Managers. Defendant admits and alleges that the other job titles held by the Plaintiffs – Resource Technician, Communications Specialist, Senior Communications Specialist, Implementation Manager, and Senior Implementation Manager – were all either classified as non-exempt during the entire relevant time period or are specifically excluded from the litigation. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

13.     Answering Paragraph 12, Defendant denies, generally and specifically, each and every allegation in this paragraph, including its subparts, 12A, 12B, 12C, 12D, 12E and 12F. Defendant also denies that any class exists or should be certified in this case.

14.     Answering Paragraph 13, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

15.     Answering Paragraph 14, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

16.     Answering Paragraph 15, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

17.    Answering Paragraph 16, Defendant admits and alleges that during the relevant time period Plaintiff Doyle has been a non-exempt employee who received overtime pay for overtime hours worked.  Defendant further admits and alleges that during various times within the relevant time period that it employed Plaintiffs Bannigan, Loyola and Shieh, they were classified as salaried exempt employees and their salaries were intended to compensate them for all hours worked so they did not receive overtime payments.  Defendant admits and alleges that during the times Plaintiffs Bannigan and Shieh were classified as non-exempt, they received overtime pay for overtime hours worked.  Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

18.    Answering Paragraph 17, Defendant admits and alleges that during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried exempt employees, the meal period and rest period requirements, as alleged in the Complaint, did not apply to them.  Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

19.    Answering Paragraph 18, Defendant admits and alleges that Plaintiffs purport to represent employees in California who held the job titles Communications Specialist, Resource Technician, and Senior Data Center Manager.  Defendant admits and alleges that during the relevant time period that it employed Plaintiff Doyle as a Communications Specialist, he and all other Communications Specialists were classified as non-exempt employees and paid overtime pay for overtime hours worked.  Defendant admits and alleges that during the relevant time that it employed Plaintiffs Bannigan and Loyola as Resource Technicians, they and all other Resource Technicians were classified as non-exempt

and paid overtime pay for overtime hours worked. Defendant admits and alleges that during the time Plaintiff Loyola was classified as a salaried exempt Senior Data Center Manager, he and all other Senior Data Center Managers were intended to be compensated for all hours worked so they did not receive overtime pay. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

20.     Answering Paragraph 19, Defendant admits and alleges that during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried exempt employees, the meal period requirements, as alleged in the Complaint, did not apply to them. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant also denies, generally and specifically, each and every remaining allegation in this paragraph.

21.     Answering Paragraph 20, Defendant admits and alleges that during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried exempt employees, the rest period requirements, as alleged in the Complaint, did not apply to them. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant also denies, generally and specifically, each and every remaining allegation in this paragraph.

22.     Answering Paragraph 21, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 20 as though fully set forth herein.

LEGAL_US_W # 59899582.1

1     23. Answering Paragraph 22, Defendant denies, generally and

2 specifically, each and every allegation in this paragraph. Defendant denies that any

3 class exists or should be certified in this case.

4

5     24. Answering Paragraph 23, Defendant admits and alleges that

6 during the relevant time period that it employed Plaintiff Doyle as a

7 Communications Specialist, he and all other Communications Specialists were

8 classified as non-exempt employees and paid overtime pay for overtime hours

9 worked. Defendant admits and alleges that during the relevant time that it

10 employed Plaintiffs Bannigan and Loyola as Resource Technicians, they and all

11 other Resource Technicians were classified as non-exempt and paid overtime pay

12 for overtime hours worked. Defendant admits and alleges that during the time

13 Plaintiff Loyola was classified as a salaried exempt Senior Data Center Manager, he

14 and all other Senior Data Center Managers were intended to be compensated for all

15 hours worked so they did not receive overtime pay. Defendant denies that any class

16 exists or should be certified in this case. Except as herein expressly admitted,

17 Defendant denies, generally and specifically, each and every remaining allegation

18 in this paragraph.

19

20     25. Answering Paragraph 24, Defendant denies, generally and

21 specifically, each and every allegation in this paragraph. Defendant also denies that

22 any class exists or should be certified in this case.

23

24     26. Answering Paragraph 25, Defendant admits and alleges that

25 Plaintiffs allege to have been damaged in an amount in excess of the jurisdiction of

26 the Court. Defendant further admits and alleges that Plaintiffs seek to recover

27 alleged unpaid wages and penalties, including penalties pursuant to California

28 Labor Code Section 558, plus interest, attorneys' fees and costs, and punitive

1  damages. Defendant denies that Plaintiffs or any members of the putative class
2  have been damaged as alleged or at all. Defendant also denies that any class exists
3  or should be certified in this case. Except as herein expressly admitted, Defendant
4  denies, generally and specifically, each and every remaining allegation in this
5  paragraph.

6

7      27.    Answering Paragraph 26, Defendant realleges and incorporates
8  by reference its responses to Paragraphs 1 through 25 as though fully set forth
9  herein.

10

11     28.    Answering Paragraph 27, Defendant admits and alleges that
12  during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried
13  exempt, the meal period requirements, as alleged in the Complaint, did not apply to
14  them. Defendant denies that any class exists or should be certified in this case.
15  Except as herein expressly admitted, Defendant denies, generally and specifically,
16  each and every remaining allegation in this paragraph.

17

18     29.    Answering Paragraph 28, Defendant admits and alleges that
19  during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried
20  exempt, the rest period requirements, as alleged in the Complaint, did not apply to
21  them. Defendant denies that any class exists or should be certified in this case.
22  Except as herein expressly admitted, Defendant denies, generally and specifically,
23  each and every remaining allegation in this paragraph.

24

25     30.    Answering Paragraph 29, Defendant denies, generally and
26  specifically, each and every allegation in this paragraph.

27

28

-9-

31.     Answering Paragraph 30, Defendant admits and alleges that Plaintiffs allege to have been damaged in an amount in excess of the jurisdiction of the Court.  Defendant further admits and alleges that Plaintiffs seek to recover alleged unpaid wages, penalties, including penalties pursuant to California Labor Code Sections 226, 226.7, and 558, plus interest, attorneys' fees and costs, and punitive damages.  Defendant denies that Plaintiffs or any members of the putative class have been damaged as alleged or at all.  Defendant denies that any class exists or should be certified in this case.  Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

32.     Answering Paragraph 29, under the Third Cause of Action, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 30 as though fully set forth herein.

33.     Answering Paragraph 30, under the Third Cause of Action, Defendant, for itself alone and no other Defendant denies, generally and specifically, each and every allegation in this paragraph.

34.     Answering Paragraph 31, Defendant denies, generally and specifically, each and every allegation in this paragraph.  Defendant further denies that Plaintiffs or any members of the putative class have been damaged as alleged or at all.  Defendant denies that any class exists or should be certified in this case.

35.     Answering Paragraph 32, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 31 (and the duplicate numbered paragraphs 29-30) as though fully set forth herein.

-10-

36.     Answering Paragraph 33, these allegations constitute a conclusion of law to which no response is required.

37.     Answering Paragraph 34, Defendant admits and alleges that certain members of the putative class terminated their employment during the relevant time period. Defendant is informed and believes that at the time such putative class members were terminated, all known wages owing were paid to them. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

38.     Answering Paragraph 35, Defendant admits and alleges that Plaintiffs request restitution and penalties under California Labor Code Section 203. Defendant denies that Plaintiffs or any of the members of the putative class have been damaged as alleged or at all. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

39.     Answering Paragraph 36, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 35 (and the duplicate numbered paragraphs 29-30) as though fully set forth herein.

40.     Answering Paragraph 37, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant denies that any class exists or should be certified in this case.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

1    41.    Answering Paragraph 38, Defendant admits and alleges that at

2  all relevant times that it employed Plaintiffs and/or members of the putative class, it

3  had and continues to have, a legal obligation to pay its employees all earned wages.

4  Defendant is informed and believes that it paid Plaintiffs and members of the

5  putative class all known wages due to them.  Defendant further admits and alleges

6  that, generally, wages paid to Plaintiffs, and members of the putative class, are the

7  property of the persons to whom they are paid.  Except as herein expressly

8  admitted, Defendant denies, generally and specifically, each and every remaining

9  allegation in this paragraph.  Defendant denies that any class exists or should be

10  certified in this case.

11

12    42.    Answering Paragraph 39, Defendant denies, generally and

13  specifically, each and every allegation in this paragraph.  Defendant also denies that

14  any class exists or should be certified in this case.

15

16    43.    Answering Paragraph 40, Defendant denies, generally and

17  specifically, each and every allegation in this paragraph.  Defendant further denies

18  that Plaintiffs or any members of the putative class have been damaged as alleged

19  or at all.  Defendant also denies that any class exists or should be certified in this

20  case.

21

22    44.    Answering Paragraph 41, Defendant denies, generally and

23  specifically, each and every allegation in this paragraph.  Defendant further denies

24  that Plaintiffs or any members of the putative class have been damaged as alleged

25  or at all.  Defendant also denies that any class exists or should be certified in this

26  case.

27

28

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

1    45.    Answering Paragraph 42, Defendant realleges and incorporates

2    by reference its responses to Paragraphs 1 through 41 (and the duplicate numbered

3    paragraphs 29-30) as though fully set forth herein.

4

5    46.    Answering Paragraph 43, Defendant denies, generally and

6    specifically, each and every allegation in this paragraph. Defendant also denies that

7    any class exists or should be certified in this case.

8

9    47.    Answering Paragraph 44, Defendant denies, generally and

10   specifically, each and every allegation in this paragraph. Defendant further denies

11   that Plaintiffs or any members of the putative class have been damaged as alleged

12   or at all. Defendant also denies that any class exists or should be certified in this

13   case.

14

15   48.    Answering Paragraph 45, Defendant admits that Plaintiffs seek

16   preliminary and permanent injunctive relief, as well as costs and attorneys' fees

17   pursuant to California Code of Civil Procedure Section 1021.5. Defendant denies

18   that Plaintiffs or any members of the putative class have been damaged as alleged

19   or at all. Defendant also denies that any class exists or should be certified in this

20   case. Except as expressly admitted herein, Defendant denies, generally and

21   specifically, each and every remaining allegation in this paragraph.

22

23   49.    Responding to Paragraphs 1 through 12 of the Prayer for Relief,

24   Defendant admits that Plaintiffs seek injunctive relief, alleged general and

25   compensatory damages, restitution for alleged monies owed Plaintiffs and the

26   putative class they purport to represent, waiting time penalties pursuant to Cal.

27   Labor Code Section 203, and penalties pursuant to Cal. Labor Code Sections 226

28   and 558. Defendant denies that any class exists or should be certified in this case.

-13-

1    Defendant further denies, generally and specifically, that Plaintiffs or any members

2    of the putative class have been or will be damaged by reason of any act or omission

3    of Defendant or any of its officers, agents, or employees.  Defendant further denies,

4    generally and specifically, that the elements of relief sought are available to

5    Plaintiffs on the claims alleged.  Defendant further denies, generally and

6    specifically, that injunctive relief is necessary or appropriate in this case.

7    Defendant further denies, generally and specifically, that monetary relief is

8    necessary or appropriate in this case.  Defendant further denies, generally and

9    specifically, that waiting time penalties pursuant to California Labor Code § 203 or

10   penalties pursuant to California Labor Code §§ 226 or 558, or other Labor Code

11   sections, Industrial Wage Orders, or Employment Law/Regulations are appropriate

12   in this case.  Defendant further denies, generally and specifically, that Plaintiffs are

13   entitled to an award of costs, interest, loss of earnings, expenses, attorneys' fees, or

14   punitive damages, payable by Defendant.  Defendant further denies, generally and

15   specifically, that any act or omission of Defendant, or any officer, agent, or

16   employee of Defendant, was illegal or violated any rights, statutory or otherwise, of

17   Plaintiffs or any of the putative class members.  Defendant further denies, generally

18   and specifically, each and every remaining allegation in Paragraphs 1 through 12 of

19   the Prayer for Relief.  Defendant further denies that Plaintiffs or any members of

20   the putative class have been damaged as alleged or at all.  Except as expressly

21   admitted herein, Defendant denies, generally and specifically, each and every

22   remaining allegation in this paragraph.

23

24

25

26

27

28

-14-

1

## AFFIRMATIVE DEFENSES

2

3

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

4

5      50.    The Complaint, and each purported cause of action contained

6  therein, fails to state facts sufficient to constitute a cause of action.

7

8

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

9

10      51.    Each purported cause of action is barred, in whole or in part, by

11  all applicable statutes of limitations, including but not limited to California Code of

12  Civil Procedure Sections 335.1, 338, 339 and 340; California Labor Code Sections

13  200 *et seq.*; and California Business and Professions Code Section 17208.

14

15

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

16

17      52.    Plaintiffs, and the putative class, the existence of which is

18  expressly denied, by reason of their acts, conduct, and omissions, are estopped from

19  obtaining the relief sought in the Complaint.

20

21

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

22

23      53.    Plaintiffs, and the putative class, the existence of which is

24  expressly denied, by reason of their acts, conduct, and omissions, have waived their

25  rights, if any, to obtain the relief sought in the Complaint.

26

27

28

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

54.    The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

55.    The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

56.    The Complaint, and each purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiffs and the class of persons they purport to represent, the existence of which is expressly denied.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

57.    The Complaint is barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel. Specifically, Plaintiffs Shieh and Bannigan are covered by a prior class action settlement, *Shoff v. AT&T Services, Inc. et al.*, for the only relevant time during which they held a position classified as exempt. Plaintiff Loyola is also covered by a prior class action settlement, *Shoff v. AT&T Services, Inc. et al.*, for a portion of the relevant time during which he held a position classified as exempt.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

58.    The Complaint is barred, in whole or in part, by the doctrine of judicial estoppel.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

59.    The Complaint is barred, in whole or in part, because during the time Plaintiffs Shieh, Loyola, and Bannigan were classified as exempt from California's overtime and related wage-and-hour laws, they were properly classified as exempt.  Industrial Welfare Commission Wage Order 4-2001 paragraphs (1)(A)(2) (administrative exemption); (1)(A)(2)(b) (learned professional exemption); and/or (1)(A)(3)(h) (computer professional exemption).

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

60.    The Complaint, and each purported cause of action contained therein, is barred because during the relevant time Plaintiffs Shieh, Loyola, and Bannigan, and the putative class, the existence of which is expressly denied, held exempt positions while working for Defendant, they failed to perform their respective duties as Defendant realistically expected them to perform. *Ramirez v. Yosemite Water Co., Inc.,* 20 Cal. 4th 785 (1999).

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

61.    The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

-17-

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

62.    The types of claims alleged by the named Plaintiffs on behalf of themselves and the putative class, the existence of which is expressly denied, are matters as to which individual questions predominate and, accordingly, are not appropriate for class treatment.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

63.    The class of persons that the named Plaintiffs purport to represent, the existence of which is expressly denied, is not so numerous that joinder is impracticable.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

64.    The claims alleged by the named Plaintiffs are neither common to nor typical of those, if any, of the alleged class Plaintiffs purport to represent, the existence of which is expressly denied.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

65.    The named Plaintiffs are inadequate representatives of any alleged class of persons they purport to represent, the existence of which is expressly denied.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

66.    Plaintiffs' counsel lacks the skills, experience, and expertise to adequately represent the putative class, the existence of which is expressly denied.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

67.    Certain interests of the putative class are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

68.    Plaintiffs' claim under Labor Code section 226 is barred on the grounds that there was no "knowing and intentional failure" on Defendant's part to provide proper itemized earnings statements, nor did Plaintiffs or the class of persons they purport to represent, the existence of which is expressly denied, suffer injury as a result of any alleged violation of Labor Code section 226.

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

69.    Plaintiffs' fifth purported cause of action for conversion based on alleged violations of the California Labor Code fails to state facts sufficient to constitute a cause of action because it constitutes an impermissible attempt to recover damages in excess of those provided for by the applicable statutes.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

70.    The sixth purported cause of action under the California Business and Professions Code is barred because the remedies for the alleged violations are limited to the remedies expressly provided in the California Labor Code.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

71.    Plaintiffs' claim for a Court order restoring money to them is a claim for restitution damages and is barred because restitution damages under California Business and Professions Code sections 17200, *et seq.* deny due process, impinge upon procedural and substantive due process rights, and violate the United States Constitution.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

72.    Plaintiffs, as private litigants, lack standing to bring a claim for relief for damages under California Business and Professions Code section 17203.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

73.    Plaintiffs' claim for relief under California Business and Professions Code Sections 17200 *et seq.* is barred to the extent that they seek any remedy other than those available under the statute, namely restitution and injunctive relief.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

1    <u>TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3        74.    Plaintiffs' claim under California Business and Professions

4    Code Sections 17200 *et seq.* is barred because Plaintiffs are not seeking recovery of

5    a quantifiable sum owed by Defendant to Plaintiffs, or any of the persons Plaintiffs

6    purport to represent.

7

8    <u>TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

9

10        75.    The Complaint, and each claim for relief contained therein, is

11    barred to the extent that any of the persons Plaintiffs purport to represent have

12    released Defendant from liability for such claims by participating in class action

13    settlements, signing general releases and/or accepting severance packages to which

14    they were not otherwise entitled.  Cal. Civ. Code § 1541.

15

16    <u>TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

17

18        76.    The Complaint, and each claim for relief contained therein, is

19    barred to the extent that Plaintiffs and members of the purported class entered into

20    an accord of the claims asserted in this lawsuit, which accord has been satisfied.

21

22    <u>TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

23

24        77.    Plaintiffs' claims for penalties are barred because Plaintiffs did

25    not timely exhaust the administrative prerequisites to filing such claims and/or

26    otherwise failed to comply with all the statutory prerequisites to bring such claims.

27    Cal. Lab. Code §§ 2699, 2699.3, 2966.5.

28

-21-

1

## TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3        78.    The Complaint is barred in whole or in part because at all times

4    relevant to the Complaint, Defendant had an honest, good-faith belief that all

5    decisions with respect to Plaintiffs', and members of the putative class',

6    employment were made by it solely for legitimate, business-related reasons and

7    were reasonably based upon the facts as each understood them.

8

9        ## THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

10

11       79.    Plaintiffs, and members of the putative class, the existence of

12   which is expressly denied, are not entitled to any penalty award under sections 203,

13   226, 226.7, and 558 of the California Labor Code because, at all times relevant to

14   the Complaint, Defendant did not willfully fail to comply with the compensation

15   provisions of the California Labor Code or the applicable wage order, but rather

16   acted in good faith and had reasonable grounds for believing that it did not violate

17   the compensation provisions of the California Labor Code or the applicable wage

18   order.

19

20       ## THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21

22       80.    The damages, if any, of Plaintiffs, and the putative class

23   members, the existence of which is expressly denied, are barred or diminished by

24   reason of their failure to mitigate those damages.

25

26

27

28

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

1       <u>THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3           81.    Plaintiffs' claim for waiting time penalties fails because any

4 failure to pay wages was not willful within the meaning of California Labor Code

5 section 203.

6

7       <u>THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

8

9           82.    To the extent that Plaintiffs seek any penalties, such claims are

10 barred by a one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a).

11

12       <u>THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

13

14           83.    The Complaint, and each purported cause of action contained

15 therein, is barred by the after-acquired evidence doctrine.

16

17       <u>THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

18

19           84.    Because liability or damages, if any, to each member of the class

20 of persons Plaintiffs purport to represent may not be determined by a single jury or

21 on a class-wide basis, allowing this action to proceed as a class action would violate

22 Defendant's rights under the Seventh and Fourteenth Amendments to the United

23 States Constitution.

24

25       <u>THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

26

27           85.    Plaintiffs are not entitled to recover any punitive or exemplary

28 damages as prayed for in the Complaint, and any allegations with respect thereto

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

1  should be stricken, because California's laws regarding the alleged conduct in
2  question in this action are too vague to permit the imposition of punitive damages,
3  and because any award of punitive or exemplary damages under California law in
4  general, and/or any such award under California law as applied to the facts in this
5  case, would violate Defendant's constitutional rights under provisions of the United
6  States and California Constitutions, including, but not limited to, the due process
7  clauses of the Fifth and Fourteenth Amendments to the United States Constitution,
8  and the excessive fines and cruel and unusual punishment clauses of the Eighth
9  Amendment to the United States Constitution.

10

11            THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

12

13            86.    Defendant cannot be held liable for punitive or exemplary
14  damages because neither Defendant, nor any of its officers, directors, or managing
15  agents, committed any alleged oppressive, fraudulent or malicious act, authorized
16  or ratified such an act, or had advance knowledge of the unfitness, if any, of the
17  employee or employees, if any, who allegedly committed such an act, or employed
18  any such employee or employees with a conscious disregard of the rights or safety
19  of others.  Cal. Civ. Code § 3294.

20

21            THIRTIETH-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

22

23            87.    To the extent that Plaintiffs seek recovery of attorneys' fees,
24  Plaintiffs, and the putative class, the existence of which is expressly denied, are not
25  entitled to such recovery.

26

27

28

-24-

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT

WHEREFORE, Defendant prays for judgment as follows:

1.    That class certification be denied;

2.    That Plaintiffs take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

3.    That Defendant be awarded its reasonable costs and attorneys' fees as allowed by statute; and

4.    That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: September 8, 2008      J. AL LATHAM, JR.
                              DEBORAH S. WEISER
                              SHANE LOOMIS
                              PAUL, HASTINGS, JANOFSKY & WALKER LLP


                              By:         /s/ Deborah S. Weiser
                              _____
                                          DEBORAH S. WEISER
                              Attorneys for Defendant
                              AT&T SERVICES, INC.

LEGAL_US_W # 59899582.1

ANSWER TO COMPLAINT