1   J. AL LATHAM, JR. (SB# 71605)
    DEBORAH S. WEISER (SB# 167132)
2   SHANE LOOMIS (SB# 247574)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   515 South Flower Street
    Twenty-Fifth Floor
4   Los Angeles, CA 90071-2228
    Telephone: (213) 683-6000
5   Facsimile: (213) 627-0705
    Email: allatham@paulhastings.com
6          deborahweiser@paulhastings.com
           shaneloomis@paulhastings.com
7
    Attorneys for Defendants
8   AT&T SERVICES, INC.

9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13  MICHAEL DOYLE, JOHN C.                CASE NO. 08CV1275 JAH (WMc)
    SHIEH, JANICE BANNIGAN, SID
14  LOYOLA, on behalf of themselves,
    the general public and all others     **DEFENDANT AT&T SERVICES,**
15  similarly situated,                   **INC.'S AMENDED ANSWER TO**
                                          **PLAINTIFFS' COMPLAINT**
16              Plaintiffs,

17       vs.                             Judge:    John A. Houston

18  AT&T SERVICES, INC. (formerly        Class Action Complaint Filed:
    SB C Services, Inc.) and DOES 1               July 15, 2008
19  through 10,

20              Defendants.

21

22

23       Defendant AT&T Services, Inc. ("Defendant") hereby answers, pleads,

24  and otherwise responds, for itself alone and for no other Defendant, to Plaintiffs

25  Michael Doyle, John C. Shieh, Janice Bannigan, and Sid Loyola's ("Plaintiffs")

26  Class Action Complaint ("Complaint") as follows:

27

28

LEGAL_US_W # 59918719.1

1            1.      Answering Paragraph 1, under the header <u>Introduction</u>,

2    Defendant admits that Plaintiffs purport to bring this action on behalf of a class they

3    define as including certain California Information Technology (IT) employees of

4    Defendant with job titles that include Communications Specialist, Resource

5    Technician, Senior Data Center Manager, and Data Center Manager, who primarily

6    performed non-exempt functions and were not paid overtime compensation.

7    Defendant denies that this action is suitable for certification as a class. Defendant

8    further admits that Plaintiffs allege that they, and the class they purport to represent,

9    were denied overtime pay and meal and rest breaks provided by California's laws

10   and regulations. Except as herein expressly admitted, Defendant denies, generally

11   and specifically, each and every remaining allegation in this paragraph.

12

13           2.      Answering Paragraph 1, under the header <u>Jurisdiction and</u>

14   <u>Venue</u>, Defendant admits and alleges that at times material herein, it has conducted

15   business in good standing within the State of California. Defendant lacks

16   knowledge or information as to the truth of the allegation that Plaintiffs "are both

17   citizens of California," and on that basis, denies this allegation. Defendant denies

18   that the class Plaintiffs purport to represent numbers at least 100. Defendant further

19   denies that it bears liability to the purported class in excess of the statutory

20   minimum. Defendant further denies that Plaintiffs, or any members of the class

21   they purport to represent, have been damaged at all. Except as admitted and denied,

22   the remaining allegations set forth in this Paragraph contain legal conclusions to

23   which no response is required.

24

25           3.      Answering Paragraph 2, Defendant admits it has conducted

26   business in this judicial district. Defendant denies that any unlawful actions as

27   alleged in Plaintiffs' Complaint took place in any judicial district. Except as

28

-1-

AMENDED ANSWER TO COMPLAINT

1    admitted or denied herein, the allegations set forth in this Paragraph contain legal

2    conclusions to which no response is required.

3

4           4.    Answering Paragraph 3, Defendant admits and alleges that at all

5    times relevant to the Complaint, Plaintiff Michael Doyle was classified as a non-

6    exempt employee.  Defendant further admits and alleges that until July 16, 2005,

7    both Plaintiffs Bannigan and Shieh were classified as non-exempt employees.

8    Defendant lacks sufficient information or belief as to what Plaintiffs mean by their

9    allegation that their job duties consisted primarily of "providing computer support,

10   repair, and technical services to Defendants," and on such basis, denies this

11   allegation.  Defendant lacks sufficient information or belief as to whether Plaintiffs

12   performed all obligations as required during employment, as alleged in the

13   Complaint, and, on such basis, Defendant denies this allegation.  Except as herein

14   expressly admitted, Defendant denies, generally and specifically, each and every

15   remaining allegation in this paragraph.

16

17          5.    Answering Paragraph 4, Defendant admits, based on

18   information and belief, that Plaintiff Doyle is a resident of the County of San

19   Diego, State of California.   Defendant admits and alleges that from the start of the

20   relevant time period, July 15, 2004 through June 15, 2008, Doyle held the non-

21   exempt position of Communications Specialist.  Defendant admits and alleges that

22   from June 16, 2008 to present, Doyle has held the non-exempt Senior

23   Communications Specialist position.  Except as herein expressly admitted,

24   Defendant denies, generally and specifically, each and every remaining allegation

25   in this paragraph.

26

27          6.    Answering Paragraph 5, Defendant admits, based on

28   information and belief, that Plaintiff Shieh is a resident of the County of San Diego,

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1 State of California. Defendant admits and alleges that Shieh held the non-exempt

2 position of Resource Technician from July 16, 2004 through July 15, 2005. From

3 July 16, 2005 through the end of his employment on December 1, 2007, Shieh held

4 the exempt position of Implementation Manager. Defendant admits and alleges that

5 Plaintiffs' Complaint excludes the Implementation Manager position from this

6 litigation. Except as herein expressly admitted, Defendant denies, generally and

7 specifically, each and every remaining allegation in this paragraph.

8

9       7.     Answering Paragraph 6, Defendant admits, based on

10 information and belief, that Plaintiff Bannigan is a resident of the County of San

11 Diego, State of California. Defendant admits and alleges that Bannigan held the

12 non-exempt position of Resource Technician from July 16, 2004 through July 15,

13 2005. From July 16, 2005 to December 15, 2006, Bannigan held the exempt

14 position of Implementation Manager. From December 16, 2006 to present,

15 Bannigan has held the exempt position of Senior Implementation Manager.

16 Defendant admits and alleges that Plaintiffs' Complaint excludes both the

17 Implementation Manager and Senior Implementation Manager positions from this

18 litigation. Except as herein expressly admitted, Defendant denies, generally and

19 specifically, each and every remaining allegation in this paragraph.

20

21       8.     Answering Paragraph 7, Defendant admits, based on

22 information and belief, that Plaintiff Loyola is a resident of the County of San

23 Diego, State of California. Defendant admits and alleges that Loyola held the

24 exempt Senior Data Center Manager position from July 16, 2004 through May 15,

25 2005. From May 16, 2005 through the end of his employment on December 1,

26 2007, Loyola held the exempt position of Senior Implementation Manager.

27 Defendant admits and alleges that Plaintiffs' Complaint excludes the Senior

28 Implementation Manager position from this litigation. Except as herein expressly

-3-

1  admitted, Defendant denies, generally and specifically, each and every remaining
2  allegation in this paragraph.

3

4      9.    Answering Paragraph 8, Defendant admits that it is a
5  corporation doing business in California that was incorporated in the State of
6  Delaware and has its principal place of business in the State of Texas.  Except as
7  admitted, Defendant lacks sufficient knowledge or information to form a belief as
8  to the truth of the remaining allegations in this Paragraph and on that basis denies
9  each and every remaining allegation contained therein.

10

11     10.   Answering Paragraph 9, the allegations set forth in Paragraph 9
12  contain legal conclusions to which no response is required.

13

14     11.   Answering Paragraph 10, Defendant admits that Plaintiffs
15  purport to bring this action on behalf of a class of alleged similarly situated persons
16  pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendant denies that
17  this action is suitable for certification as a class.  Defendant further admits that
18  Plaintiffs purport to seek to represent a class they define as all non-exempt
19  employees of Defendant who performed job duties similar to those of Plaintiffs
20  who allegedly did not receive overtime pay to which they were entitled under
21  California law while expressly excluding the following jobs:  Senior Systems
22  Managers, Systems Managers, Senior Network Managers, Implementation
23  Manager, Senior Implementation Manager, Network Technical Manager, System
24  Analyst, Senior System Analyst and Senior Communications Specialist.  Except as
25  herein expressly admitted, Defendant denies, generally and specifically, each and
26  every remaining allegation in this paragraph.  Defendant denies that any class exists
27  or should be certified in this case.

28

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

12.    Answering Paragraph 11, Defendant admits and alleges that during the relevant time, from July 15, 2004 to present, it employed approximately 42 persons, including Loyola, as Senior Data Center Managers. Defendant admits and alleges that the other job titles held by the Plaintiffs – Resource Technician, Communications Specialist, Senior Communications Specialist, Implementation Manager, and Senior Implementation Manager – were all either classified as non-exempt during the entire relevant time period or are specifically excluded from the litigation. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

13.    Answering Paragraph 12, Defendant denies, generally and specifically, each and every allegation in this paragraph, including its subparts, 12A, 12B, 12C, 12D, 12E and 12F. Defendant also denies that any class exists or should be certified in this case.

14.    Answering Paragraph 13, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

15.    Answering Paragraph 14, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

16.    Answering Paragraph 15, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

17.     Answering Paragraph 16, Defendant admits and alleges that during the relevant time period Plaintiff Doyle has been a non-exempt employee who received overtime pay for overtime hours worked.  Defendant further admits and alleges that during various times within the relevant time period that it employed Plaintiffs Bannigan, Loyola and Shieh, they were classified as salaried exempt employees and their salaries were intended to compensate them for all hours worked so they did not receive overtime payments.  Defendant admits and alleges that during the times Plaintiffs Bannigan and Shieh were classified as non-exempt, they received overtime pay for overtime hours worked.  Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

18.     Answering Paragraph 17, Defendant admits and alleges that during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried exempt employees, the meal period and rest period requirements, as alleged in the Complaint, did not apply to them.  Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

19.     Answering Paragraph 18, Defendant admits and alleges that Plaintiffs purport to represent employees in California who held the job titles Communications Specialist, Resource Technician, and Senior Data Center Manager.  Defendant admits and alleges that during the relevant time period that it employed Plaintiff Doyle as a Communications Specialist, he and all other Communications Specialists were classified as non-exempt employees and paid overtime pay for overtime hours worked.  Defendant admits and alleges that during the relevant time that it employed Plaintiffs Bannigan and Loyola as Resource Technicians, they and all other Resource Technicians were classified as non-exempt

-6-

1    and paid overtime pay for overtime hours worked. Defendant admits and alleges

2    that during the time Plaintiff Loyola was classified as a salaried exempt Senior Data

3    Center Manager, he and all other Senior Data Center Managers were intended to be

4    compensated for all hours worked so they did not receive overtime pay. Defendant

5    denies that any class exists or should be certified in this case. Except as herein

6    expressly admitted, Defendant denies, generally and specifically, each and every

7    remaining allegation in this paragraph.

8

9         20.    Answering Paragraph 19, Defendant admits and alleges that

10   during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried

11   exempt employees, the meal period requirements, as alleged in the Complaint, did

12   not apply to them. Defendant denies that any class exists or should be certified in

13   this case. Except as herein expressly admitted, Defendant also denies, generally

14   and specifically, each and every remaining allegation in this paragraph.

15

16        21.    Answering Paragraph 20, Defendant admits and alleges that

17   during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried

18   exempt employees, the rest period requirements, as alleged in the Complaint, did

19   not apply to them. Defendant denies that any class exists or should be certified in

20   this case. Except as herein expressly admitted, Defendant also denies, generally

21   and specifically, each and every remaining allegation in this paragraph.

22

23        22.    Answering Paragraph 21, Defendant realleges and incorporates

24   by reference its responses to Paragraphs 1 through 20 as though fully set forth

25   herein.

26

27

28

-7-

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1        23.    Answering Paragraph 22, Defendant denies, generally and

2    specifically, each and every allegation in this paragraph. Defendant denies that any

3    class exists or should be certified in this case.

4

5        24.    Answering Paragraph 23, Defendant admits and alleges that

6    during the relevant time period that it employed Plaintiff Doyle as a

7    Communications Specialist, he and all other Communications Specialists were

8    classified as non-exempt employees and paid overtime pay for overtime hours

9    worked. Defendant admits and alleges that during the relevant time that it

10   employed Plaintiffs Bannigan and Loyola as Resource Technicians, they and all

11   other Resource Technicians were classified as non-exempt and paid overtime pay

12   for overtime hours worked. Defendant admits and alleges that during the time

13   Plaintiff Loyola was classified as a salaried exempt Senior Data Center Manager, he

14   and all other Senior Data Center Managers were intended to be compensated for all

15   hours worked so they did not receive overtime pay. Defendant denies that any class

16   exists or should be certified in this case. Except as herein expressly admitted,

17   Defendant denies, generally and specifically, each and every remaining allegation

18   in this paragraph.

19

20       25.    Answering Paragraph 24, Defendant denies, generally and

21   specifically, each and every allegation in this paragraph. Defendant also denies that

22   any class exists or should be certified in this case.

23

24       26.    Answering Paragraph 25, Defendant admits and alleges that

25   Plaintiffs allege to have been damaged in an amount in excess of the jurisdiction of

26   the Court. Defendant further admits and alleges that Plaintiffs seek to recover

27   alleged unpaid wages and penalties, including penalties pursuant to California

28   Labor Code Section 558, plus interest, attorneys' fees and costs, and punitive

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1   damages.  Defendant denies that Plaintiffs or any members of the putative class
2   have been damaged as alleged or at all.  Defendant also denies that any class exists
3   or should be certified in this case.  Except as herein expressly admitted, Defendant
4   denies, generally and specifically, each and every remaining allegation in this
5   paragraph.

6

7          27.    Answering Paragraph 26, Defendant realleges and incorporates
8   by reference its responses to Paragraphs 1 through 25 as though fully set forth
9   herein.

10

11         28.    Answering Paragraph 27, Defendant admits and alleges that
12  during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried
13  exempt, the meal period requirements, as alleged in the Complaint, did not apply to
14  them.  Defendant denies that any class exists or should be certified in this case.
15  Except as herein expressly admitted, Defendant denies, generally and specifically,
16  each and every remaining allegation in this paragraph.

17

18         29.    Answering Paragraph 28, Defendant admits and alleges that
19  during the time Plaintiffs Bannigan, Loyola and Shieh were classified as salaried
20  exempt, the rest period requirements, as alleged in the Complaint, did not apply to
21  them.  Defendant denies that any class exists or should be certified in this case.
22  Except as herein expressly admitted, Defendant denies, generally and specifically,
23  each and every remaining allegation in this paragraph.

24

25         30.    Answering Paragraph 29, Defendant denies, generally and
26  specifically, each and every allegation in this paragraph.

27

28

-9-

1         31.    Answering Paragraph 30, Defendant admits and alleges that

2    Plaintiffs allege to have been damaged in an amount in excess of the jurisdiction of

3    the Court. Defendant further admits and alleges that Plaintiffs seek to recover

4    alleged unpaid wages, penalties, including penalties pursuant to California Labor

5    Code Sections 226, 226.7, and 558, plus interest, attorneys' fees and costs, and

6    punitive damages. Defendant denies that Plaintiffs or any members of the putative

7    class have been damaged as alleged or at all. Defendant denies that any class exists

8    or should be certified in this case. Except as herein expressly admitted, Defendant

9    denies, generally and specifically, each and every remaining allegation in this

10   paragraph.

11

12        32.    Answering Paragraph 29, under the Third Cause of Action,

13   Defendant realleges and incorporates by reference its responses to Paragraphs 1

14   through 30 as though fully set forth herein.

15

16        33.    Answering Paragraph 30, under the Third Cause of Action,

17   Defendant, for itself alone and no other Defendant denies, generally and

18   specifically, each and every allegation in this paragraph.

19

20        34.    Answering Paragraph 31, Defendant denies, generally and

21   specifically, each and every allegation in this paragraph. Defendant further denies

22   that Plaintiffs or any members of the putative class have been damaged as alleged

23   or at all. Defendant denies that any class exists or should be certified in this case.

24

25        35.    Answering Paragraph 32, Defendant realleges and incorporates

26   by reference its responses to Paragraphs 1 through 31 (and the duplicate numbered

27   paragraphs 29-30) as though fully set forth herein.

28

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

36.    Answering Paragraph 33, these allegations constitute a conclusion of law to which no response is required.

37.    Answering Paragraph 34, Defendant admits and alleges that certain members of the putative class terminated their employment during the relevant time period. Defendant is informed and believes that at the time such putative class members were terminated, all known wages owing were paid to them. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

38.    Answering Paragraph 35, Defendant admits and alleges that Plaintiffs request restitution and penalties under California Labor Code Section 203. Defendant denies that Plaintiffs or any of the members of the putative class have been damaged as alleged or at all. Defendant denies that any class exists or should be certified in this case. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

39.    Answering Paragraph 36, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 35 (and the duplicate numbered paragraphs 29-30) as though fully set forth herein.

40.    Answering Paragraph 37, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant denies that any class exists or should be certified in this case.

-11-

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1         41.     Answering Paragraph 38, Defendant admits and alleges that at

2 all relevant times that it employed Plaintiffs and/or members of the putative class, it

3 had and continues to have, a legal obligation to pay its employees all earned wages.

4 Defendant is informed and believes that it paid Plaintiffs and members of the

5 putative class all known wages due to them. Defendant further admits and alleges

6 that, generally, wages paid to Plaintiffs, and members of the putative class, are the

7 property of the persons to whom they are paid. Except as herein expressly

8 admitted, Defendant denies, generally and specifically, each and every remaining

9 allegation in this paragraph. Defendant denies that any class exists or should be

10 certified in this case.

11

12         42.     Answering Paragraph 39, Defendant denies, generally and

13 specifically, each and every allegation in this paragraph. Defendant also denies that

14 any class exists or should be certified in this case.

15

16         43.     Answering Paragraph 40, Defendant denies, generally and

17 specifically, each and every allegation in this paragraph. Defendant further denies

18 that Plaintiffs or any members of the putative class have been damaged as alleged

19 or at all. Defendant also denies that any class exists or should be certified in this

20 case.

21

22         44.     Answering Paragraph 41, Defendant denies, generally and

23 specifically, each and every allegation in this paragraph. Defendant further denies

24 that Plaintiffs or any members of the putative class have been damaged as alleged

25 or at all. Defendant also denies that any class exists or should be certified in this

26 case.

27

28

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

45.    Answering Paragraph 42, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 41 (and the duplicate numbered paragraphs 29-30) as though fully set forth herein.

46.    Answering Paragraph 43, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant also denies that any class exists or should be certified in this case.

47.    Answering Paragraph 44, Defendant denies, generally and specifically, each and every allegation in this paragraph. Defendant further denies that Plaintiffs or any members of the putative class have been damaged as alleged or at all. Defendant also denies that any class exists or should be certified in this case.

48.    Answering Paragraph 45, Defendant admits that Plaintiffs seek preliminary and permanent injunctive relief, as well as costs and attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5. Defendant denies that Plaintiffs or any members of the putative class have been damaged as alleged or at all. Defendant also denies that any class exists or should be certified in this case. Except as expressly admitted herein, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

49.    Responding to Paragraphs 1 through 12 of the Prayer for Relief, Defendant admits that Plaintiffs seek injunctive relief, alleged general and compensatory damages, restitution for alleged monies owed Plaintiffs and the putative class they purport to represent, waiting time penalties pursuant to Cal. Labor Code Section 203, and penalties pursuant to Cal. Labor Code Sections 226 and 558. Defendant denies that any class exists or should be certified in this case.

-13-

1    Defendant further denies, generally and specifically, that Plaintiffs or any members

2    of the putative class have been or will be damaged by reason of any act or omission

3    of Defendant or any of its officers, agents, or employees. Defendant further denies,

4    generally and specifically, that the elements of relief sought are available to

5    Plaintiffs on the claims alleged. Defendant further denies, generally and

6    specifically, that injunctive relief is necessary or appropriate in this case.

7    Defendant further denies, generally and specifically, that monetary relief is

8    necessary or appropriate in this case. Defendant further denies, generally and

9    specifically, that waiting time penalties pursuant to California Labor Code § 203 or

10    penalties pursuant to California Labor Code §§ 226 or 558, or other Labor Code

11    sections, Industrial Wage Orders, or Employment Law/Regulations are appropriate

12    in this case. Defendant further denies, generally and specifically, that Plaintiffs are

13    entitled to an award of costs, interest, loss of earnings, expenses, attorneys' fees, or

14    punitive damages, payable by Defendant. Defendant further denies, generally and

15    specifically, that any act or omission of Defendant, or any officer, agent, or

16    employee of Defendant, was illegal or violated any rights, statutory or otherwise, of

17    Plaintiffs or any of the putative class members. Defendant further denies, generally

18    and specifically, each and every remaining allegation in Paragraphs 1 through 12 of

19    the Prayer for Relief. Defendant further denies that Plaintiffs or any members of

20    the putative class have been damaged as alleged or at all. Except as expressly

21    admitted herein, Defendant denies, generally and specifically, each and every

22    remaining allegation in this paragraph.

23

24

25

26

27

28

-14-

# AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

50.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

51.     Each purported cause of action is barred, in whole or in part, by all applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 335.1, 338, 339 and 340; California Labor Code Sections 200 *et seq.*; and California Business and Professions Code Section 17208.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

52.     Plaintiffs, and the putative class, the existence of which is expressly denied, by reason of their acts, conduct, and omissions, are estopped from obtaining the relief sought in the Complaint.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

53.     Plaintiffs, and the putative class, the existence of which is expressly denied, by reason of their acts, conduct, and omissions, have waived their rights, if any, to obtain the relief sought in the Complaint.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

54. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

55. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

56. The Complaint, and each purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiffs and the class of persons they purport to represent, the existence of which is expressly denied.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

57. The Complaint is barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel. Specifically, Plaintiffs Shieh and Bannigan are covered by a prior class action settlement, *Shoff v. AT&T Services, Inc. et al.*, for the only relevant time during which they held a position classified as exempt. Plaintiff Loyola is also covered by a prior class action settlement, *Shoff v. AT&T Services, Inc. et al.*, for a portion of the relevant time during which he held a position classified as exempt.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

58.    The Complaint is barred, in whole or in part, by the doctrine of judicial estoppel.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

59.    The Complaint is barred, in whole or in part, because during the time Plaintiffs Shieh, Loyola, and Bannigan were classified as exempt from California's overtime and related wage-and-hour laws, they were properly classified as exempt.  Industrial Welfare Commission Wage Order 4-2001 paragraphs (1)(A)(2) (administrative exemption); (1)(A)(2)(b) (learned professional exemption); and/or (1)(A)(3)(h) (computer professional exemption).

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

60.    The Complaint, and each purported cause of action contained therein, is barred because during the relevant time Plaintiffs Shieh, Loyola, and Bannigan, and the putative class, the existence of which is expressly denied, held exempt positions while working for Defendant, they failed to perform their respective duties as Defendant realistically expected them to perform. *Ramirez v. Yosemite Water Co., Inc.,* 20 Cal. 4th 785 (1999).

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

61.    The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

-17-

1          <u>THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3          62.    The types of claims alleged by the named Plaintiffs on behalf of

4   themselves and the putative class, the existence of which is expressly denied, are

5   matters as to which individual questions predominate and, accordingly, are not

6   appropriate for class treatment.

7

8          <u>FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

9

10          63.    The class of persons that the named Plaintiffs purport to

11   represent, the existence of which is expressly denied, is not so numerous that

12   joinder is impracticable.

13

14          <u>FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

15

16          64.    The claims alleged by the named Plaintiffs are neither common

17   to nor typical of those, if any, of the alleged class Plaintiffs purport to represent, the

18   existence of which is expressly denied.

19

20          <u>SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

21

22          65.    The named Plaintiffs are inadequate representatives of any

23   alleged class of persons they purport to represent, the existence of which is

24   expressly denied.

25

26

27

28

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

66.    Plaintiffs' counsel lacks the skills, experience, and expertise to adequately represent the putative class, the existence of which is expressly denied.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

67.    Certain interests of the putative class are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

68.    Plaintiffs' claim under Labor Code section 226 is barred on the grounds that there was no "knowing and intentional failure" on Defendant's part to provide proper itemized earnings statements, nor did Plaintiffs or the class of persons they purport to represent, the existence of which is expressly denied, suffer injury as a result of any alleged violation of Labor Code section 226.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

69.    Plaintiffs' fifth purported cause of action for conversion based on alleged violations of the California Labor Code fails to state facts sufficient to constitute a cause of action because it constitutes an impermissible attempt to recover damages in excess of those provided for by the applicable statutes.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1        <u>TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3        70.    The sixth purported cause of action under the California

4  Business and Professions Code is barred because the remedies for the alleged

5  violations are limited to the remedies expressly provided in the California Labor

6  Code.

7

8        <u>TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

9

10        71.    Plaintiffs' claim for a Court order restoring money to them is a

11  claim for restitution damages and is barred because restitution damages under

12  California Business and Professions Code sections 17200, *et seq*. deny due process,

13  impinge upon procedural and substantive due process rights, and violate the United

14  States Constitution.

15

16        <u>TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

17

18        72.    Plaintiffs, as private litigants, lack standing to bring a claim for

19  relief for damages under California Business and Professions Code section 17203.

20

21        <u>TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

22

23        73.    Plaintiffs' claim for relief under California Business and

24  Professions Code Sections 17200 *et seq*. is barred to the extent that they seek any

25  remedy other than those available under the statute, namely restitution and

26  injunctive relief.

27

28

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1      <u>TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3          74.    Plaintiffs' claim under California Business and Professions

4  Code Sections 17200 *et seq.* is barred because Plaintiffs are not seeking recovery of

5  a quantifiable sum owed by Defendant to Plaintiffs, or any of the persons Plaintiffs

6  purport to represent.

7

8      <u>TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

9

10          75.    The Complaint, and each claim for relief contained therein, is

11  barred to the extent that any of the persons Plaintiffs purport to represent have

12  released Defendant from liability for such claims by participating in class action

13  settlements, signing general releases and/or accepting severance packages to which

14  they were not otherwise entitled.  Cal. Civ. Code § 1541.

15

16      <u>TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

17

18          76.    The Complaint, and each claim for relief contained therein, is

19  barred to the extent that Plaintiffs and members of the purported class entered into

20  an accord of the claims asserted in this lawsuit, which accord has been satisfied.

21

22      <u>TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

23

24          77.    Plaintiffs' claims for penalties are barred because Plaintiffs did

25  not timely exhaust the administrative prerequisites to filing such claims and/or

26  otherwise failed to comply with all the statutory prerequisites to bring such claims.

27  Cal. Lab. Code §§ 2699, 2699.3, 2966.5.

28

-21-

<u>TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

78.    The Complaint is barred in whole or in part because at all times relevant to the Complaint, Defendant had an honest, good-faith belief that all decisions with respect to Plaintiffs', and members of the putative class', employment were made by it solely for legitimate, business-related reasons and were reasonably based upon the facts as each understood them.

<u>THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE</u>

79.    Plaintiffs, and members of the putative class, the existence of which is expressly denied, are not entitled to any penalty award under sections 203, 226, 226.7, and 558 of the California Labor Code because, at all times relevant to the Complaint, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

<u>THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

80.    The damages, if any, of Plaintiffs, and the putative class members, the existence of which is expressly denied, are barred or diminished by reason of their failure to mitigate those damages.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1    <u>THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3        81.    Plaintiffs' claim for waiting time penalties fails because any

4    failure to pay wages was not willful within the meaning of California Labor Code

5    section 203.

6

7    <u>THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

8

9        82.    To the extent that Plaintiffs seek any penalties, such claims are

10   barred by a one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a).

11

12   <u>THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

13

14       83.    The Complaint, and each purported cause of action contained

15   therein, is barred by the after-acquired evidence doctrine.

16

17   <u>THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

18

19       84.    Because liability or damages, if any, to each member of the class

20   of persons Plaintiffs purport to represent may not be determined by a single jury or

21   on a class-wide basis, allowing this action to proceed as a class action would violate

22   Defendant's rights under the Seventh and Fourteenth Amendments to the United

23   States Constitution.

24

25   <u>THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

26

27       85.    Plaintiffs are not entitled to recover any punitive or exemplary

28   damages as prayed for in the Complaint, and any allegations with respect thereto

-23-

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1  should be stricken, because California's laws regarding the alleged conduct in

2  question in this action are too vague to permit the imposition of punitive damages,

3  and because any award of punitive or exemplary damages under California law in

4  general, and/or any such award under California law as applied to the facts in this

5  case, would violate Defendant's constitutional rights under provisions of the United

6  States and California Constitutions, including, but not limited to, the due process

7  clauses of the Fifth and Fourteenth Amendments to the United States Constitution,

8  and the excessive fines and cruel and unusual punishment clauses of the Eighth

9  Amendment to the United States Constitution.

## THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13      86.     Defendant cannot be held liable for punitive or exemplary

14  damages because neither Defendant, nor any of its officers, directors, or managing

15  agents, committed any alleged oppressive, fraudulent or malicious act, authorized

16  or ratified such an act, or had advance knowledge of the unfitness, if any, of the

17  employee or employees, if any, who allegedly committed such an act, or employed

18  any such employee or employees with a conscious disregard of the rights or safety

19  of others.  Cal. Civ. Code § 3294.

## THIRTIETH-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

23      87.     To the extent that Plaintiffs seek recovery of attorneys' fees,

24  Plaintiffs, and the putative class, the existence of which is expressly denied, are not

25  entitled to such recovery.

LEGAL_US_W # 59918719.1

AMENDED ANSWER TO COMPLAINT

1      WHEREFORE, Defendant prays for judgment as follows:

2

3      1.    That class certification be denied;

4

5      2.    That Plaintiffs take nothing by reason of their Complaint, that
6 the Complaint be dismissed in its entirety with prejudice, and that judgment be
7 entered for Defendant;

8

9      3.    That Defendant be awarded its reasonable costs and attorneys'
10 fees as allowed by statute; and

11

12     4.    That Defendant be awarded such other and further relief as the
13 Court deems just and proper.

14

15 DATED: September 8, 2008    J. AL LATHAM, JR.
DEBORAH S. WEISER
SHANE LOOMIS
16    PAUL, HASTINGS, JANOFSKY & WALKER LLP

17

18    By:    /s/ Deborah S. Weiser
    DEBORAH S. WEISER
19    Attorneys for Defendant
    AT&T SERVICES, INC.

20

-25-